ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| MARILIA GARCÍA RODRÍGUEZ<br><br>Recurrente<br><br>v.<br><br>CONSEJO DE TITULARES DEL COND. SANTA GENOVEVA; JUNTA DE DIRECTORES COND. SANTA GENOVEVA Y SU PRESIDENTE MANUEL BERNARDO; ALEXANDER MORENO (SECRETARIO); REBECA FELICIANO (TESORERA)<br><br>Recurridos | TA2025RA00294 | Recurso de Revisión Procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.: C-SAN-2025-0021461<br><br>Sobre: Ley Núm. 129 de 16 de agosto de 2020, según enmendada, Ley de Condominios |
| --- | --- | --- |

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, hoy día 21 de noviembre de 2025.

Comparece ante nos la señora **Marilia García Rodríguez** (Parte Recurrente) por conducto de su representación legal, mediante un Recurso de Revisión Judicial instado el 20 de octubre de 2025. En su recurso, nos solicita que se revoque la Resolución Sumaria emitida por el DACO el 5 de septiembre de 2025.

Por los fundamentos que expondremos a continuación se revoca la Resolución contra la que se recurre, debido a que no había transcurrido el término para presentar la querella, como erradamente resolvió el DACO.

## I.

A continuación, exponemos el tracto procesal relevante al caso de autos, conforme surge del expediente ante nuestra consideración.

El 10 de marzo de 2025, la Parte Recurrente presentó una Querella al amparo de la Jurisdicción Administrativa para atender asuntos sobre propiedades sujetas al Régimen de Propiedad Horizontal en el Departamento de Asuntos del Consumidor (DACO) en contra del CONSEJO DE TITULARES DEL COND. SANTA GENOVEVA *et al*., (Parte Recurrida).[1] En dicho escrito se expuso que "[e]l 20 de febrero de 2025[,] solicité reclamación hecha al banco por el presidente tras manifestar el que es error del banco procesar cheques del condominio con una sola firma. (…) [S]olicité presentación de estados financieros 2024 y presupuesto 2025".[2] El 15 de mayo de 2025, el DACO notificó a la Parte Recurrida la querella.[3]

Posteriormente, el 26 de junio de 2025, la Parte Recurrente presentó una Moción para solicitar anotación de rebeldía.[4]

El 5 de septiembre de 2025, el DACO emitió una Resolución Sumaria en donde expuso que no tenían jurisdicción debido a que se presentó la querella "fuera del término de catorce (14) días según establecido en el mencionado reglamento. Tomando como punto de partida la fecha del 20 de febrero de 2025 como punto de partida, [sic] la presente querella fue presentada en exceso del término jurisdiccional para que ese Departamento le concediera el remedio solicitado".

El 11 de septiembre de 2025, la Parte Recurrente presentó una Moción de Reconsideración.[5] El DACO emitió una Resolución sobre la Reconsideración el 17 de septiembre de 2025, notificada el 18 de septiembre de 2025, mediante la cual declaró "No Ha Lugar" la moción.[6]

---

[1] Véase entrada de SUMAC TPI núm. 1.
[2] *Íd.*
[3] Véase entrada de SUMAC TPI núm. 3.
[4] Véase entrada de SUMAC TPI núm. 4.
[5] Véase entrada de SUMAC TPI núm. 5.
[6] Véase entrada de SUMAC TPI núm. 6.

Inconforme con esta determinación, el 20 de octubre de 2025, la Parte Recurrente presentó un Recurso de Revisión Judicial en donde expuso el siguiente señalamiento de error:

> **PRIMER ERROR**: El Departamento de Asuntos del Consumidor (DACo) aplicó un término jurisdiccional no previsto en el ordenamiento aplicable, ni en el Reglamento de Condominios Núm. 9386 ni en la Ley Núm. 129-2020, con el efecto de limitar indebidamente el acceso de la titular recurrente al foro administrativo. El Juez Administrativo redujo indebidamente el termino de dos (2) años dispuesto en la Ley Núm. 129 – 2020 para la presentación de querellas a un plazo de catorce (14) días, como resultado de una interpretación errónea de la Regla 29 del mencionado Reglamento. Tal aplicación, carente de base normativa, genera una controversia de derecho que amerita la intervención revisora de este Honorable Tribunal. En la alternativa, y como mínimo, la parte recurrente contaba con un término de treinta (30) días para presentar su reclamo ante el DACO.

Resumidos los hechos que originan la presente controversia, examinemos el derecho aplicable.

## II.

### A. Jurisdicción

La jurisdicción ha sido definida como el poder o autoridad que tienen los tribunales o agencias administrativa para resolver los casos y controversias.[7] La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay.[8] Los tribunales tienen el deber de examinar su propia jurisdicción como la del foro de donde se apela una determinación.[9] Asimismo, se ha expuesto que los tribunales tienen que ser celosos guardianes de su jurisdicción debido a que los asuntos relacionados con estas son privilegiadas.[10] Cuando se cuestiona la jurisdicción por alguna de las partes o cuando no ha sido planteada por estas, el tribunal debe evaluar y examinar con rigurosidad el asunto jurisdiccional, dado que este incide en el poder de adjudicar una controversia.[11]

---

[7] Rodríguez v. De León, 191 DPR 700 (2014).
[8] Maldonado v. Junta de Planificación, 171 DPR 46 (2007).
[9] Torres v. Madera, 202 DPR 495 (2019).
[10] Ruiz v. Trafon Group, Inc. 200 DPR 254 (2018).
[11] *Íd.*

El Tribunal Supremo ha expuesto que la falta de jurisdicción ocasiona las siguientes consecuencias:

> (1) No es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco este puede arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio* [por su propia iniciativa].[12]

Si el tribunal entiende que no tiene jurisdicción para atender un caso corresponde declararlo y desestimarlo sin entrar en los méritos de la controversia.[13]

### B. Reglamento de Condominios.

La Ley Núm. 5 – 1973 de 23 de abril de 1973, según enmendada y conocida como la Ley Orgánica del Departamento de Asuntos del Consumidor establece en su Art. 3 que dicha agencia tiene "como propósito primordial vindicar e implementar los derechos del consumidor".[14] Mediante el Art. 66 de la Ley Núm. 129 – 2020 se establece que:

> El Departamento de Asuntos del Consumidor tendrá una División Especial de Adjudicación de Querellas de Condominios, para atender todo lo relacionado a todo condominio en el que exista por lo menos un apartamento dedicado a vivienda. El Secretario tendrá la capacidad de nombrar el personal necesario para la pronta atención de las querellas presentadas por los titulares de apartamentos al amparo de esta Ley contra el Consejo de Titulares o el Agente Administrador, o por la Junta de Directores al amparo de aquellas leyes especiales aplicables.
>
> Se faculta además al Secretario para adoptar y/o modificar los reglamentos necesarios para la adjudicación de las querellas presentadas y para el fiel cumplimiento de esta Ley.[15]
>
> .    .    .    .    .    .    .    .    .

Entre los Reglamentos promulgados por el DACO que gira en torno a la propiedad horizontal se encuentra el Reglamento de Condominios Núm. 9386. La Regla 23 del Reglamento de

---

[12] MCS Advantage, Inc., v. Fossas, 211 DPR 135 (2023).

[13] *Íd.*

[14] Art. 3 de la Ley Orgánica del Departamento de Asuntos del Consumidor de 1973, Ley Núm. 5 – 1973 de 23 de abril de 1973 (3 LPRA sec. 341a).

[15] Art. 66 de la Ley de Condominios de Puerto Rico de 2020, Ley Núm. 129 – 2020 (31 LPRA sec. 1923k).

Condominios establece los escenarios en los que el DACO tendrá jurisdicción, en el cual se encuentran:

> Las acciones u omisiones de la Junta de Directores, Administrador Interino, Agente Administrador, Sindico, así como los acuerdos del Consejo de Titulares podrán ser impugnados ante el Departamento por los titulares en los siguientes supuestos:

> (a) Cuando sean contrarios a la Ley de Condominios de Puerto Rico, la escritura matriz, el reglamento del condominio y a este Reglamento.[16]

> .   .   .   .   .   .   .   .   .

La Regla 29 del Reglamento Núm. 9386 establece unas instancias en las cuales se podrá llevar a cabo unos procedimientos expeditos, entre ellos se encuentra la solicitud de documentos. El inciso uno (1) de la Regla 29 establece que

> Cuando un *titular solicite a la Junta de Directores la inspección de documentos relacionados con la administración del condominio tales como: estados de cuenta; estados financieros; presupuestos*; contrato de suplidores; actas; minutas de determinaciones de la Junta; planes de desastre y emergencia, y racionamiento; reglamento del condómino; escritura matriz; convocatoria; notificaciones de acuerdos o determinaciones; certificaciones de no deuda, entre otros, *y no se lo provean los mismos en un término de catorce (14) días, tendrá derecho presentar una querella bajo esta regla ante el Departamento.*[17]

En lo que respecta a la presentación de querellas ante el DACO, la Regla 24 rige sus *términos*. Esta regla expone que:

> Los términos para radicar una querella impugnando acuerdos, determinaciones, acciones u omisiones del Director, la Junta de Directores o sus miembros, el Consejo de Titulares, Agente Administrador, o Administrador Interno serán los siguientes:

> (1) Para todo tipo de impugnación, el titular tendrá treinta (30) días a partir de la fecha que se tomó dicho acuerdo o determinación, si se hizo en su presencia, o dentro de los treinta (30) días siguientes a la fecha en que se recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación.

> (2) Cuando *constituyan violaciones a las disposiciones de la Ley de Condominios de Puerto Rico, el Reglamento de Condóminos*, la escritura matriz, o el reglamento del Condómino, *prescribirá a los dos (2) años*, computados a partir de la fecha en que se tomó la acción, omisión o

---

[16] Reglamento de condominios, Reglamento Núm. 9386, Departamento de Estado, 6 de junio de 2022, pág. 19.
[17] *Íd.*, 23. (énfasis suplido).

acuerdo si fue en la presencia del titular, o a partir de la notificación de este si no fue en su presencia.[18]

## III.

En el caso de marras, el 20 de febrero de 2025, la Parte Recurrente le solicitó a la Parte Recurrida el estado financiero del 2024 y el presupuesto del 2025. Según la Regla 29 del Reglamento Núm. 9386 los documentos antes mencionados se pueden solicitar en un procedimiento expedito. Este procedimiento se llevará a cabo en un plazo de catorce (14) días. Por lo tanto, una vez requerida la documentación que se dispone en la Regla 29 le corresponde a la Junta de Directores actuar en el plazo de catorce (14) días para brindar la información al titular. De la Junta de Directores no proveer dicha información, se podrá instar una querella en el DACO.

La Regla 23 del antes referido Reglamento expone que el DACO tendrá jurisdicción cuando haya una omisión por parte de la Junta de Directores y esta sea contraria a la Ley de Condominios y al Reglamento de Condominios. Surge del expediente que hubo una omisión de la Parte Recurrida al no cumplir con el reglamento dado a que no entregó el estado financiero del 2024 y el presupuesto del 2025 en el plazo dispuesto por la Regla 29.

Según la Regla 24 cuando haya una violación al Reglamento de Condominios se podrá presentar una querella que prescribirá a los dos (2) años computados a partir de la fecha en que se realizó la omisión. Por consiguiente, el plazo de dos (2) años va a comenzar a decursar una vez haya una denegatoria expresa o tacita dentro del término de los catorce (14) días.

En el caso de autos, la Parte Recurrida se cruzó de brazos. Por lo cual, hubo una omisión, una vez transcurrido los catorce (14) días, se podía presentar la querella ante el DACO. La Parte

---

[18] *Íd.*, 19. (énfasis suplido).

Recurrente presentó su querella el 10 de marzo de 2025, es decir cuatro (4) días después de vencer el término establecido de los catorce (14) días que tenía la Junta de Directores para entregar los documentos. Por lo tanto, el DACO tiene jurisdicción debido a que la Parte Recurrente actuó dentro del plazo de dos (2) años permitido por el antes citado Reglamento y procede dejar sin efecto la Resolución contra la que se recurre y devolver el caso a DACO para que este continúe con los procedimientos.

**IV.**

Por los fundamentos antes expuestos, se revoca la Resolución Sumaria emitida por el DACO y se ordena a dicha agencia que se continue los procedimientos y se atienda la Querella de la parte aquí recurrente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones